## ROCKINGHAM, FEBRUARY TERM, 1826.

### JOHN DAVENPORT *vs.* NATHANIEL RUNLETT.

*R.* and *T* were partners in trade, and while they were thus partners, *T.* boarded with *D.* and gave to the latter a note, in the name of the firm, for the price of the board, without the knowledge of *R* ; it was held, that the personal expenses of partners could not be presumed to be a partnership concern, and that *R* could not be held liable upon the note, until the plaintiff should shew affirmatively, that *T* had authority thus to bind the firm.

Assumpsit upon a note of hand, dated August 18, 1817, for $24 77, made by *Runlett & Taylor*, and payable to the Plaintiff, or order, on demand with interest.

The cause was submitted to the decision of the court upon the following facts.

Davenport
*vs.*
Runlett.

The defendant and one *John Taylor* were partners in trade, and resided in the town of Portsmouth, in the year 1817, and while they were thus partners, *Taylor* boarded with the plaintiff, and became indebted to him for board, to the amount of the note.

The note was made by *Taylor*, and subscribed with the name of the firm. " *Runlett & Taylor*," without the knowledge of the defendant ; and the only consideration of the note was the board of the said *Taylor*, as aforesaid.

*Woodbury*, for the plaintiff

The note in suit is signed in the partnership name, and was made during the existence of the partnership, and for the board of one of the partners during that time.

No imaginable reason, then, can exist against a recovery, except that the board of this partner may possibly not have been within the scope or subject matter of the partnership articles.

On this point, principle and authority are all one way, and altogether uncontradictory

1. Where, during the existence of a partnership, one gives a *firm* note for a subject matter, that *may have* been within the scope of the partnership, the note binds the firm, unless it was not in truth within the articles, and unless this circumstance was known to the promissee   13 *East* 175, *Ridley et al. v. Taylor.*—16 *Johns.* 38, *Dob vs. Halsey.*—19 *Johns.* 154. —4 *Johns.* 251 —2 *Johns.* 300, 4.—2 *Caines* 249, *Livingston vs. Hastie.*—2 *Esp. C.* 525, *Arden vs. Sharp et al.*—1 *Johns. C.* 171.

2. When the note was for a subject, which *may have* been within the articles of partnership, and is signed in the firm name, the promissor must go forward and shew, as a defence, that the subject was not within them.   2 *Barnw & Ald.* 795.—*Watson on Part.* 196.—11 *Johns. Rep.* 544, *Doty vs. Bates et al.*—7 *East* 210.—13 *East* 184.

3. When the *promissee knew* the subject was not within them—*e g.*—it being a prior debt of one partner before the partnership, the rule of evidence is, of course, different ; but the present promissee could not know that fact here ;   as

for aught, which appears, the fact did not exist, the board having been, probably, and in truth, within the articles.

4. Here the consideration of the note arose *during* the partnership, and from its *nature*, and the *general usage* (*Watson Part.* (*app.*) 483, 4,) of merchants, was, doubtless, within the articles.   15 *Johns. Rep.* 409.—4 *Johns Rep* 268.—15 *Mass. Rep.* 81, 340.—2 *Barnw.* & *Ald.* 682.—2 *Esp. C.* 585.—*Peak's Cases* 80.   It was an *advantage* to the firm ; was of use to the *joint concern* ; and the evidence, whether it was *expressly* included within the articles or not, rests altogether in the power of the defendant ; and if it was not in truth within them, the defendant can and should show it as a matter of defence.

*N. A. Haven, jr.* for the defendant.

The general principle is, that one partner may bind the firm by simple contract, relating to the partnership, and *that only*.   In other words, in order to bind the firm, it must be a *joint* contract arising out of their *joint* concerns.

The earliest decision on this subject, *Pinkney vs. Hall*, 1 *Ld. Raym.* 175.—1 *Salk.* 126, S. C. has been adhered to ever since.   It was there held, that where there are two joint traders, and one accepts a bill drawn on both, for himself and partner, it binds both, if it concern the trade ; otherwise, if it concern the acceptor only, *in a distinct interest and respect.*

2 *Esp. Rep.* 524, *Arden vs. Sharp.*—1 *East* 40, *Shirreff vs. Wilkes.*—8 *Vesey, jr.* 540, *Ex parte Bonbonus.*—2 *Caines* 249, *Livingston vs. Hastie.*—2 *Johns.* 304, *Lansing vs. Ten Eyck.*—4 *Johns.* 251, *Livingston vs. Roosevelt.*—16 *Johns.* 34, *Dob vs. Halsey.*

To this rule, there are two exceptions.

1. Where one partner deals in the name of the firm with a person, who has *no notice*, that he is acting on his separate account.

Where one partner has, for his own use, disposed of the effects of the partnership, and passed negotiable securities on their credit, which have gone out into the world, it shall bind all the partners in the hands of innocent holders, who have had no notice.   But it does not protect the original par-

ties, if they have had notice, or there was any thing to *set them on inquiry.* Thus, in *Arden vs. Sharpe, 2 Esp. Rep.* 524, the discounting of the bill was to be concealed from the other partner, and, therefore, it was held by *Ld. Kenyon,* that the firm was not bound.

Thus negotiable promissory notes, voidable as between the original parties, are good in the hands of an innocent indorsee ; but under the same limitations ; *i. e.,* if he has had no notice, or there was nothing to induce inquiry.

2. The other exception is, when he acts by authority of the firm ; and this authority is to be presumed, when he acts in the usual course of business. *Walden vs. Sherburne,* 15 *Johns.* 409.

But the law is the same with regard to every agent, factor, or servant, and is to be understood, in both cases, with the same limitations. *F. N. B.* 120 *G.—Boulton vs. Arlsden, 8 Salk.* 234.

Is then the *board* of one partner a *joint* contract arising out of their *joint* concerns ? So far from this, it is difficult to imagine any thing more individual and peculiar. It is a personal expense incurred for personal comfort, and stands on the same ground as a physician's bill for medical attendance. It is unnecessary even to argue this point.

From the agreed statement of facts, it also becomes unnecessary to inquire, whether it falls within the first exception. The plaintiff himself boarded the partner, and knew that this note was given for board. He, therefore, *had notice.*

Neither can it be pretended, that, when *Taylor* gave the note in question, an authority from the firm can be presumed. It is not in the usual course of business. No express authority has been pretended, and no implied one can be raised from any thing the defendant has ever done. He paid no private debts for his partner ; had no intercourse with the plaintiff ; and, therefore, gave his partner no credit with him. In commercial partnerships it is usual for each partner to regulate his personal expenses at his discretion ; and to defray them by taking from the common stock whatever sums may be necessary for that purpose, and account for the same,

at the end of the year, out of his share of the profits. There is probably not a partnership in the state of New-Hampshire, in which any express provision is made for the personal expenses of the member.

It has been contended, on the part of the plaintiff, that the legal presumption is, that the note was given on the partnership account, and that, if it were otherwise, it is matter of defence, which must be proved by the party taking advantage of it. Admitting for a moment this to be the law, (which it is not,) it cannot affect the present case. For the agreed statement of facts shews distinctly, that the note was given for the *private* debt of one of the partners, and *known* by the plaintiff to be so, at the time of receiving it. But the case of *Doty vs. Bates*, 11 *Johns*. 544, upon which the plaintiff relies, has been overruled in *Dob vs. Halsey*, 16 *Johns*. 34, and *Foot vs. Sabine*, 19 *Johns*. 158. The true doctrine is laid down by *C. J. Spencer* in the case last cited,—" where a note is given in the name of a firm, by one of the partners, for the private debt of such partner, and known to be so by the person taking the note, the other partner is not bound, unless he has been previously consulted and has consented, *and the burthen of the proof*, that the partner, who did not sign the note, consented to be bound, *is thrown upon the creditor*."

This is the language of the law, and of common sense ; for why should the innocent partner be compelled to prove a negative ? and how is such proof to be made ?

The cases, cited for the plaintiff, do not affect the law of this case. They merely prove, that dormant partners are liable, when discovered ; that one partner may bind the firm for money borrowed, when there is proof, that it went to the use of the partnership ; that one partner may indorse a bill of exchange in the name of the firm ; and that a promissory note, in the name of the partnership, binds the firm in the hands of an innocent indorsee without notice—which are all freely admitted.

RICHARDSON, C. J. delivered the opinion of the court.

It is not now to be doubted, that the act of every single partner, in a transaction relating to the partnership, binds all

the others.　But it is equally clear, that one of several partners cannot, without their assent, bind the rest, by a note for his individual debt, in any case, where the person, who receives the note, is aware of the consideration, on which it is founded.　For it is deemed a fraud to receive the note of a firm for the individual debt of a partner without the consent of the rest.　These principles are well established by the authorities, which have been cited in the arguments of counsel.　*Green vs. Dealkins et a.—2. Starkie* 327.

In the case now before us, it is agreed, that the note was given without the knowledge of *Runlett*, and that the only consideration, on which it was founded, was board furnished to *Taylor*, while he and *Runlett* were partners.　There is then no ground, on which we can presume, that *Taylor* had authority to bind *Runlett*, unless we can presume, that the personal expenses of the partners were within the scope of the partnership.　But as the personal expenses of partners are rarely, if ever, embraced in partnerships, we think it cannot, in this case, be presumed, that *Runlett* was, by the terms of the partnership, liable for *Taylor's* board.　And as the plaintiff received the note of the firm from *Taylor*, for board furnished *Taylor*, without the knowledge of *Runlett*, we are of opinion, that *Runlett* cannot be held liable to pay the note, until the plaintiff shall shew, that the board of the partners was a partnership concern ; and, upon the facts stated, there must be

*Judgment for the defendant.*